UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED EL YASS, an individual,

       Plaintiff,

                             U.S. District Court Case No:
                             Hon.

v.

                             WCCC Case No. 25-012424-CZ
                             Hon. John H. Gillis, Jr.

CITY OF DEARBORN, a Municipal Corporation,
POLICE OFFICER JOSEPH HADDAD,
CORPORAL NICKOLAS ZUBOK, jointly and
severally in their individual and official capacities,

       Defendants.

_____/

| | |
|---|---|
| BRANDON MCNEAL (P81300) | BRADLEY J. MENDELSOHN (P73671) |
| Khamo Law | JEREMY J. ROMER (P77287) |
| Attorney for Plaintiff | Attorneys for Defendants |
| 1120 E. Long Lake Rd., Ste. 250 | 16901 Michigan Avenue, Ste. 14 |
| Troy, MI 48085 | Dearborn, MI 48126 |
| (248) 466-0606/Fax: (248) 466-0605 | (313) 943-2035/Fax (313) 943-2469 |
| brandon@khamolaw.com | bmendelsohn@dearborn.gov |
| koro@khamolaw.com | jromer@dearborn.gov |

_____/

       There is a pending civil action arising out of the transaction
or occurrence alleged in this action in the Third Judicial
Circuit for Wayne County, Michigan bearing Case No. 25-
012424-CZ and assigned to the Honorable John H. Gillis,
Jr.

1

## NOTICE OF REMOVAL

NOW COME Defendants, CITY OF DEARBORN, POLICE OFFICER JOSEPH HADDAD, and CORPORAL NICKOLAS ZUBOK, by their attorneys, BRADLEY J. MENDELSOHN and JEREMY J. ROMER, and file with this Court a Notice of Removal of the above-captioned matter from the Wayne County Circuit Court of the State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, for the following reasons:

1.     On August 13, 2025, a Complaint was filed against Defendants City of Dearborn ("City"), Police Officer Joseph Haddad ("Haddad"), and Corporal Nickolas Zubok ("Zubok") in the Circuit Court for the County of Wayne, bearing Civil Action No. 25-012424-CZ, and alleging damages in excess of $750,000, exclusive of costs, interest, and attorney fees. (Ex. 1, Compl., ¶7, pg. 2, 8/13/25.)

2.     Service of Civil Action No. 25-012424-CZ has been affected on Defendants City, Haddad, and Zubok.

3.     The above-described action is a civil action over which this Court has original jurisdiction, based on the provisions of Title 28, United States Code, Section 1331, as one which may be removed to this court pursuant to the provisions of Title 28, United States Code, Sections 1441 and 1446.  In his Complaint, Plaintiff alleges several violations and causes of action under 42 U.S.C. § 1983. (Ex. 1, Compl., ¶5 at pg. 2, ¶¶ 23-31 at pgs. 6-9, filed 8/13/25).

2

THEREFORE, Defendants CITY, HADDAD, and ZUBOK pray that the above action now pending against it in the Circuit Court for the County of Wayne, State of Michigan, be removed to this Honorable Court.

Respectfully Submitted,

_____/s/ BRADLEY J. MENDELSOHN
BRADLEY J. MENDELSOHN (P73671)
Attorney for Defendants
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
bmendelsohn@dearborn.gov

Date: 8/25/25

## CERTIFICATE OF SERVICE

On August 25, 2025, I sent via electronic and first class mail a copy of the foregoing to the following:

BRANDON MCNEAL (P81300)
Khamo Law
Attorney for Plaintiff
1120 E. Long Lake Rd., Ste. 250
Troy, MI  48085
brandon@khamolaw.com

__/s/Cynthia Metz_____
Cynthia Metz
16901 Michigan Ave., Ste. 14
Dearborn, MI  48126
(313) 943-2035
cmetz@dearborn.gov

# *EXHIBIT 1*

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-012424-CZ<br>Hon..John H. Gillis, Jr. |
|---|---|---|

Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>El Yass, Mohamed | | Defendant's name(s), address(es), and telephone no(s).<br>City of Dearborn |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Brandon McNeal 81300<br>1120 E Long Lake Rd Ste 250<br>Troy, MI 48085-4970 | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint   has been previously filed in ☐ this court, ☐_____ Court,        where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.  | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4.  If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/13/2025 | Expiration date*<br>11/12/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Case No. : **25-012424-CZ**

## PROOF OF SERVICE

**TO PROCESS SERVER:**  You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served  ☐ personally  ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                       Date and time

_____ on behalf of _____.

Signature
_____

Original - Court
1st Copy - Defendant
2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-012424-CZ Hon..John H. Gillis, Jr. |
|---|---|---|

Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s) <br> El Yass, Mohamed | v | Defendant's name(s), address(es), and telephone no(s). <br> Haddad, Police Officer Joseph |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no** <br> Brandon McNeal 81300 <br> 1120 E Long Lake Rd Ste 250 <br> Troy, MI 48085-4970 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐_____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date <br> 8/13/2025 | Expiration date* <br> 11/12/2025 | Court clerk <br> Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



MCL 600.1910, MCR 2.104, MCR 2.105

SUMMONS

Case No. : **25-012424-CZ**

| PROOF OF SERVICE |
|---|

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
|---|

☐ I served  ☐ personally  ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                           Date and time

_____ on behalf of  _____.

Signature
_____

Original - Court
2nd Copy - Plaintiff
1st Copy - Defendant
3rd Copy - Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-012424-CZ Hon..John H. Gillis, Jr. |
|---|---|---|

Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s) El Yass, Mohamed | v | Defendant's name(s), address(es), and telephone no(s). Zubok, Corporal Nickolas |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no** Brandon McNeal 81300 1120 E Long Lake Rd Ste 250 Troy, MI 48085-4970 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐_____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 8/13/2025 | Expiration date* 11/12/2025 | Court clerk Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



MCL 600.1910, MCR 2.104, MCR 2.105

**SUMMONS**

Case No. : **25-012424-CZ**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                    Date and time

_____ on behalf of _____.

Signature

_____

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MOHAMED EL YASS, an individual,
     Plaintiff,

                                 Case No. 25-    -CZ
                                 HON.

-v-

CITY OF DEARBORN, a Municipal Corporation,
POLICE OFFICER JOSEPH HADDAD,
CORPORAL NICKOLAS ZUBOK , jointly and
severally in their individual and official capacities,
     Defendants.

_____/

**BRANDON MCNEAL (P81300)**
**KHAMO LAW**
Attorneys for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com
koro@khamolaw.com

_____/

**<u>COMPLAINT AND JURY DEMAND</u>**

Thise is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in the complaint.

<u>/s/ Brandon McNeal</u>
Brandon McNeal (P81300)

**NOW COMES** Plaintiff, Mohammad El Yass, by and through his attorney,

Brandon McNeal, and for his complaint against the Defendants states as follows:

25-012424-CZ FILED  IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    8/13/2025 12:19 PM    Yolanda Payne

## PARTIES

1.     At all pertinent times, Plaintiff was resident of the City of Detroit, and a citizen of the State of Michigan.

2.     DEFENDANT CITY OF DEARBORN is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

3.     DEFENDANTS POLICE OFFICER JOSEPH HADDAD, and CORPORAL NIKOLAS ZUBOK, (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Dearborn as police officers at the Dearborn Police Department.

## JURISDICTION and VENUE

4.     Individual Defendants were at all pertinent times employed as police officers at the Dearborn Police Department and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of the City of Dearborn.

5.     The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

6.     The actions giving rise to this complaint arose entirely within Wayne County, Michigan around September 30, 2024 and also later.

7.     The amount in controversy exceeds Seven Hundred Fifty Thousand Dollars ($750,000).

2

## FACTUAL ALLEGATIONS

8.    On or about September 30, 2024, Mohammad El Yass (hereafter Plaintiff) was walking through a Home Depot parking lot located at 5951 Mercury Drive, Dearborn, Michigan 48126.

9.    Plaintiff was unlawfully stopped and seized by Individual Defendants without reasonable suspicion or probable cause.

10.   Plaintiff is a refugee from Mauritania who does not speak, read understand the English language.

11.   Plaintiff only speaks the Mauritanian language.

12.   After Individual Defendants stopped Plaintiff, it was abundantly clear that Plaintiff did not speak, read or understand the English language.

13.   Individual Defendants began signaling for Plaintiff to raise his hands and Plaintiff complied.

14.   Individual Defendants then illegally search Plaintiff's person and remove Plaintiff's cell phone from Plaintiff's pocket,

15.   Individual Defendant Haddad then asks Individual Defendant Zubok the following: "Do the same thing as last time?

16.   Individual Defendant Zubok responds "yes"

17.   Individual Defendant Haddad then illegally searches Plaintiff's phone.

3

18. Individual Defendants then place Plaintiff into the backseat of their patrol vehicle.

19. Individual Defendant Haddad logs into Plaintiff's Facebook page.

20. Individual Defendant Haddad continually tries to question Plaintiff despite the clear language barrier.

21. Plaintiff's Facebook name is Mohammad Dehmane, which is his father's surname.

22. Plaintiff responded affirmatively when questioned about the name Mohamed Dahman.

23. Individual Defendant Zubok then asks Plaintiff if he "speaks English" and Plaintiff responds "No" before Individual defendant Zubok says "yes you do."

24. Individual Defendants then asked a Home Depot Employee to translate and trespass Plaintiff from the property in Arabic, another language that Plaintiff does not speak or understand.

25. Individual Defendants then locate a picture of Plaintiff's passport, which indicates that Plaintiff's name is Mohamed El Yass.

26. Individual Defendants ignore another picture of Plaintiff's identification card, which includes both Plaintiff's surname (El Yass) as well as Plaintiff's Father's given name (Dehmane).

27.   Individual Defendants then come to the illogical conclusion that Plaintiff "lied" to them about his name even though Plaintiff never lied.

28.   Individual Defendants then handcuff Plaintiff and falsely arrest Plaintiff for "misrepresentation identification"

29.   After handcuffing and placing Plaintiff back inside the backseat of the patrol vehicle, Individual Defendant Haddad advises Plaintiff of the following: "I don't know if you understand me but you're going to jail because you gave me wrong name."

30.   Individual Defendants then transported Plaintiff to jail.

31.   Upon Mr. El Yass (through a friend) advising the City Attorney and Judge of what actually transpired, all of the charges against Mr. El Yass were dismissed.

32.   As a direct and proximate result of the Defendant's misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

   a.   Economic damages, past and future;

   b.   Loss of liberty;

   b.   Pain and suffering;

   c.   Fear, anxiety, humiliation; and shame;

   d.   Emotional distress;

   e.   Loss of peace of mind and sense of safety;

f.      Cost of past and future medical; and,

g.      Aggravation of Existing Injuries and Conditions.

**WHEREFORE**, Plaintiff claims judgment against the City of Dearborn in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

**COUNT I**
**42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS**

23.     Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

24.     The Individual Police Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

a.      The right to procedural and substantive due process and fair treatment during search, seizure, arrest and prosecution (4th, 5th and 14th Amendments);

b.      The right to be free from wrongful search and seizure (4th Amendment);

c.      The right to be free from unlawful arrest (4th and 14th Amendment)

25.     As a direct and proximate result of the Individual Defendants' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 32.

26.     Individual Defendants produced false and misleading information on the case report in order to justify the false arrest of Plaintiff.

27.     The conduct of Individual Defendants was intentional and deliberately indifferent to Plaintiff's well-established Constitutional rights and consequently Individual Defendants are not entitled to qualified immunity.

         **WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**COUNT II:**
**MUNICIPAL LIABILITY**
**AGAINST DEFENDANT CITY OF DEARBORN**
**UNDER 42 USC 1983**

28.     The Plaintiff incorporates by reference the allegations set forth in the prior paragraphs above, as if fully set forth herein.

29.     At all times herein, Defendant CITY OF DEARBORN, with deliberate indifference to the constitutional rights of the Plaintiff and others similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

7

a.   Routinely concealing, covering up, and hiding evidence of wrongdoing by police officers employed by the Defendant;

b.   Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for search, seizure, arrest, and imprisonment;

c.   Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant knew or had actual notice of using employing coercive interrogations, false arrests, false imprisonments, illegal search and illegal seizures

d.   Failing to intervene when it knew of improper continuation of unlawful searches and seizures, unlawful arrests, and unlawful imprisonment

e.   Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing use of unlawful search, seizure, and arrest, and imprisonment

30.   Each of the aforementioned customs, policies, or practices was known to Defendant as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

31.   As a direct and proximate result of the actions taken by the Defendant CITY, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

a.   Psychological harm, past and future;

b.   Loss of peace of mind and sense of safety;

c.   Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment of life, and past and future mental anguish;

8

d.      Pain and suffering due to physical injury;

e.      Cost of past and future medical;

f.      Economic loss; and

g.      Attorney fees and costs allowable under 42 USC 1988.

**WHERFORE**, Plaintiff claims judgment against the City of Dearborn in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT III
## LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANT

32.   Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs,  as though the same were fully set forth herein word for word.

33.   Individual Defendant was at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

34.   The minor decision making involved in Individual Defendant's actions at all times  relevant hereto were merely incidental to the execution of said Individual Defendant's ministerial-operational duties.

35.    At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent  execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual Defendant.

36.    At all times relevant hereto, Individual Defendant failed, notwithstanding his standard duty of due care to execute his said ministerial-operational duties in good faith,  without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

a.    To  act in good faith, while investigating without reasonable suspicion, and while arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

b.    To act in good faith, while prosecuting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

c.    To act in good faith, while arresting Plaintiff and exerting excessive force upon Plaintiff;

d.    To comply with all applicable statutes, laws, rules, regulations and/or ordinances,  including but not limited to the Michigan laws.

37.    Notwithstanding these duties, Individual Defendant, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law,

10

Federal law and the United States Constitution, by acting in bad faith and engaging in ultra vires conduct.

38.     Notwithstanding these duties, Individual Defendant knowingly failed to fulfill his ministerial duties while on duty and acting during his employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiff, falsely arrested, imprisoned and prosecuted Plaintiff, in bad faith.

39.     Notwithstanding these duties Individual Defendant deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their   ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

      a.     By wrongfully investigating, arresting, imprisoning, and prosecuting Plaintiff without reasonable suspicion or probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Individual Defendant.

      b.     By exerting excessive force when arresting Plaintiff, based on knowingly recklessly and/or grossly negligently false information provided by Individual Defendant.

      c.     By treating Plaintiff unequally because of his race, in violation of the Equal Protection Clause, the 14th Amendment and the Elliott-Larsen Civil Rights Act.

40.     As a direct and a proximate result of Individual Defendant's aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the

aforesaid ministerial duties, in bad faith and violation of the Michigan laws,
Plaintiff was injured.

41.    As a direct and a proximate result of Individual Defendant's aforesaid
reckless, willful, wanton, and knowingly and intentionally tortious violations of the
aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues
to suffer serious and permanent personal injuries, including physical and mental
pain, mental anguish, severe emotional distress, shock, fright, humiliation,
degradation, embarrassment, loss of    enjoyment of life, medical complications
and a lesser leaning, liking and ability towards previous home, family, social,
recreational and personal activities, all past, present and   future, and any other
damages listed in paragraph 32.

## COUNT IV
## GROSS NEGLIGENCE UNDER STATE LAW

42.    Individual Defendant owed Plaintiff a duty of care, including but not limited
to a:

   a. Duty to provide protection for Plaintiff when he was in a helpless
   condition;

   b. Duty not to make Plaintiff's condition worse after taking him into his
   custody and control;

   c. Duty to properly assure the safety of Plaintiff when he was in his care;

   d. Duty to exercise reasonable care to perform an undertaking, after they
   undertook to render services to Plaintiff which they should have
   recognized as necessary for the protection of Plaintiff's person and failed

and, his failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A;

42.     The actions of the Individual Defendant wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

43.     The Individual Defendant's actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

44.     The Individual Defendant's actions were in wanton, reckless and callous disregard for Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

45.     Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

46.     As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 32.

    **WHEREFORE**, the Plaintiff claims judgment against Individual Defendant in the amount in excess of Seventy Hundred Fifty Thousand Dollars ($750,000) which is fair and consistent with the law and evidence as shall be determined,

together with interest, costs and attorney's fees, and all other damages, including

exemplary and/or punitive damages.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANT

47.    Plaintiff hereby re-alleges and incorporates herein by reference all the prior

paragraphs, as though the same were fully set forth herein word for word.

48.    Individual Defendants caused and/or effected the wrongful seizure, arrest

and imprisonment of Plaintiff without probable cause.

49.    In full view of members of the community, Individual Defendant placed

Plaintiff in the back seat of a police vehicle and verbally accused Plaintiff of the

commission of crimes.

50.    Individual Defendant physically restrained Plaintiff and deprived him of his

personal liberty and freedom of movement for a significant period of time.

51.    Plaintiff was conscious of his confinement at all times relevant hereto.

52.    The imprisonment, arrest and restraint were against Plaintiff's will.

53.    Individual Defendant accomplished the imprisonment and restraint by actual

physical force, and the deprivation of Plaintiff's liberty and freedom was

intentional, unlawful, unprivileged, and without probable cause.

54.     In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

55.     As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including those set forth in paragraph 32.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANT

56.     Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

57.     At all times relevant the Individual Defendant notwithstanding his standard duty of due care, owed to Plaintiff the following duties, among others:

a.  To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

b.  To refrain from subjecting Plaintiff to unsubstantiated and false statements meant to create probable cause in bad faith;

c.  To refrain from subjecting Plaintiff to emotional distress through wrongful investigation, seizure, improper use of force, and prosecution;

    d.  To refrain from treating Plaintiff in an extremely and outrageously abusive manner

58.    The Individual Defendant negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

    a.  Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully investigating, arresting, wrongfully seizing, wrongfully prosecuting, wrongfully retaliating against protected speech, or wrongfully creating false statements against Plaintiff;

    b.  Negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to wrongful investigation, unlawful arrest and detention and malicious prosecution;

    c.  Negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury through the use of excessive force;

    d.  Negligently, grossly negligently, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

59.    As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Defendant, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability

towards previous home, family, social, recreational and personal activities, all past,

present and future, as well as any other damage listed in paragraph 32.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant

in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000)

which is fair and consistent with the law and evidence as shall be determined,

together with interest, costs and attorney's fees, and all other damages, including

exemplary and/or punitive damages.

**COUNT VII**
**VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT**
**AGAINST ALL DEFENDANTS**

60.    Plaintiff hereby re-alleges and incorporates herein by reference all the prior

paragraphs, as though the same were fully set forth herein word for word.

61.    Under the Michigan Elliot-Larsen Civil Rights Act, Defendants are

precluded from denying Plaintiff the full and equal enjoyment of the "goods,

services, facilities, privileges, advantages, or accommodations of a public service"

on account of Plaintiff's race.

62.    As a result of the above-described actions and conduct, Plaintiff was denied

full and equal public services because of his race, color and national origin in

direct violation of the Michigan Civil Rights Act.

63.    As a result of the above actions and conduct, Plaintiff was subjected to

harassment, profiling, false arrest, and false imprisonment based upon his race,

17

color and national origin as defined under the Michigan Civil Rights Act, to the point where said actions and conduct substantially interfered with Plaintiff's public accommodations and public services, thereby creating an intimidating, hostile, and/or offensive public accommodations and public services environment, in direct violation of the Michigan Civil Rights Act.

64.     That as a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 32.

        **WHEREFORE**, the Plaintiff claims judgment against Individual Officers in the amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

                          Respectfully Submitted,

                          /s/ Brandon K. McNeal
                          Brandon K. McNeal (P81300)
                          1120 E. Long Lake Rd., Suite 250
                          Troy, MI 48085
                          (248) 466-0606 / (248) 466-0605